WILLIAM USERY *et al.*, plaintiffs in error, *vs.* SPENCER C. PRYOR *et al.*, defendants in error.

The complainants having amended their bill by striking therefrom the prayer for relief against the only parties defendant as to whom they had any equitable rights, leaving only defendants in respect to whom the remedy at law was adequate and complete, the bill was properly dismissed.

Equity. Bills. Before Judge CLARK. Sumter Superior Court. October Term, 1876.

Reported in the opinion.

W. A. SMITH; HAWKINS & HAWKINS, for plaintiffs in error.

B. P. HOLLIS; DUPONT GUERRY, for defendants.

JACKSON, Judge.

The bill alleged that Mrs. Usery intermarried with one

Henry Petton in 1848, who died in a few years, leaving her a widow with one child; the child died soon after the father, so that she inherited the property of her deceased husband and child, which was a large estate. In 1857 she married again, one Augustus Scrutchin, and made with him an antenuptial contract, by which the whole estate was settled upon her, and her father, Abner Tison, was made her trustee; the trustee soon died, and Scrutchin took possession and control of the property, and became largely indebted to her; in 1863 Scrutchin died in debt to her on account of the profits of the trust property, some twenty thousand dollars, and leaving five children, and a large estate of his own; she administered upon his estate, but the estate owed her a large sum, never paid; she bought a plantation from one Wm. R. Stewart, and took the title in her own name, it being bought with her own funds derived from the sum due from her husband's estate to her, and from her trust property; but certain creditors of Scrutchin—Pryor, Barwick and others—were seeking to subject this property to pay the debts of Scrutchin, her former husband, she having married Usery in 1867.

The bill prayed that an administrator be appointed on Scrutchins' estate, as her letters abated on her intermarriage with Usery, and that the estate come to an account and settlement with her, and that the said creditors be enjoined from interfering with the land she bought from Stewart.

Subsequently the bill was amended so as to strike from it all prayer for relief against Scrutchins' estate, leaving it a naked contest between Mrs. Usery and the creditors. Thereupon the creditors demurred to the bill, because the remedy of the complainants was complete at law by claiming the said land, the deed being to her, and her title perfect, according to the allegations of the bill. The court sustained the demurrer and dismissed the bill, and this is the error complained of.

It is plain, that when relief was no longer sought against the estate of Scrutchin, all equity, if there was any before,

was taken out of the bill, and nothing left in it but a contest between the creditors of Scrutchin and Mrs. Usery in respect to the title to the land. This could as well be settled at law as in equity. The remedy for Mrs. Usery was complete at law, and we think that the demurrer was properly sustained, and the bill rightfully dismissed.

Judgment affirmed.